**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-60242-CV-MIDDLEBROOKS

HURIYAT MAMAJONOVA,

      Petitioner,

v.

GARRETT RIPA,
*et al.*,

      Respondents.

                             /

**ORDER REQUIRING PAYMENT OF $5 FILING FEE OR FILING**
**A NON-PRISONER *IN FORMA PAUPERIS* AFFIDAVIT**
**WITH SUPPORTING DOCUMENTATION**

**THIS CAUSE** is before the Court on the *pro se* petition for writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2241 by Petitioner Huriyat Mamajonova ("Petitioner"). (DE 1). However, Petitioner, a non-prisoner, has not paid the Clerk of Court's $5.00 filing fee nor filed a motion to proceed *in forma pauperis* ("IFP Motion") demonstrating his earnings, assets, or liabilities. Given his *pro se* status, Petitioner will be afforded one final opportunity to pay the Clerk's filing fee or file an IFP Motion on the form provided with this Order.

It is well settled that a Plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefore. *See* 28 U.S.C. §§ 1915(a)(1), (b)(4); *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed IFP). There is, however, no absolute right to be allowed to proceed IFP in civil matters. Instead, it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States,* 415 F.2d 1115, 1116 (5th Cir. 1969); *Brewster v.*

*N. Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972)("This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.").

Also, a district court has wide discretion in determining whether to grant an applicant's motion to proceed IFP, but IFP status should be granted sparingly, especially in civil cases for damages. *Martinez,* 364 F.3d at 1306. In exercising this discretion, a district court must determine whether the statements in the affidavit "satisfy[y] the poverty requirement." *Id.* at 1307. While an applicant for IFP status need not show that he is absolutely destitute, he must sufficiently establish that he is unable to pay for the court fees and costs and is unable to support and provide necessities for himself and his dependents. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338-40 (1948); *Collier v. Tatum,* 722 F.2d 653 (11th Cir. 1983).

As applied, because the Plaintiff is a non-prisoner, he "does not fall within the purview of the [Prison Litigation Reform Act's] definition of 'prisoner,'" so that it must be determined whether he qualifies for pauper status under the general, non-prisoner provisions of § 1915(a). *See e.g., Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (finding civil detainee was not a "prisoner" for purposes of the PLRA, therefore, plaintiff need not pre-pay the appellate court's filing fee); *see also Smalls v. State Bd. of Pardons and Paroles,* No. CV414-031, 2014 WL 2003291, **3, 4 (U.S. Dist. Ct., S.D. of Ga. May 15, 2014).

Consequently, in order to verify whether Plaintiff qualifies for IFP status, he must complete a non-prisoner financial affidavit and complete the enclosed non-PLRA application for pauper status.  Also, Plaintiff shall include with his non-prisoner application copies of paystubs or other sources of income, for all income relied upon, together with copies of bank statements, utility and

rental bills so that this Court can properly assess whether or not Plaintiff qualifies for pauper status under the HHS Poverty Guidelines for 2019. *See Martinez,* 364 F.3d at 1307 n.7 (referring to poverty levels).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. On or before **March 12, 2025**, Petitioner shall either pay the Clerk of Court's $5.00 filing fee, or file an IFP Motion together with supporting exhibits.

2. If Plaintiff files an IFP Motion, he <u>must</u> attach thereto copies of paystubs and/or other documentation supporting all sources of income relied upon, together with copies of bank statements for the last six months, and copies of utility and rental bills.

3. Petitioner is cautioned that failure to comply with this Order requiring payment of the filing fee or the filing of a non-prisoner IFP Motion together with the required documentation on or before the filing deadline will result in dismissal of this case.

4. The Clerk of Court shall ensure that the approved form is docketed as an attachment to this Order and mailed to the Petitioner with his copy of this Order and shall make a notation on the Court's docket reflecting that this has been accomplished, as ordered.

**SIGNED** in Chambers at West Palm Beach, Florida, this 11th day of February, 2025.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Huriyat Mamajonova,** *Pro Se*
Alien No. A-240388751
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**U.S. Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov