UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60242-CV-MIDDLEBROOKS

HURIYAT MAMAJONOVA,

    Petitioner,

v.

GARRETT RIPA,
*et al.*,

    Respondents.
_____/

## **OMNIBUS ORDER**

**THIS CAUSE** is before the Court on the Motion for Joinder of Cases ("Motion to Join") (DE 10) and Motion for Appointment of Counsel ("Motion for Counsel") (DE 9), filed by Petitioner, Huriyat Mamajonova ("Petitioner"). For the reasons discussed below, the Motion to Join and Motion for Counsel are **DENIED**.

In the Motion to Join, brought pursuant to Fed. R. Civ. P. 20 ("Rule 20"), Petitioner claims the "nature" of his case is identical to that filed by Petitioner Davronbek Buriev ("Buriev").[1] "'A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined.'" *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting *Alexander v. Fulton Cnty., Georgia,* 207 F.3d 1303, 1323 (11th Cir. 2000)). Further, it is well settled that federal courts have broad discretion in determining whether or not to join parties. *See Swan v. Ray*, 293 F.3d 1252, 1253

---

[1] Buriev, another immigration detainee, has filed a similar § 2241 Petition with this Court. *See Buriev v. Broward Transitional Ctr.*, No. 0:25-cv-60459-RKA (S.D. Fla. Mar. 10, 2025).

(11th Cir. 2002) (finding "the district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices."). Here, Petitioner has not demonstrated that Buriev's claims arise out of the same transaction or occurrences, much less that the law or facts are common to both petitioners. *Hubbard*, 262 F.3d at 1197. In fact, the circumstances surrounding Petitioner's continued detention may differ from those alleged by Buriev. Accordingly, after considering the Motion to Join, the record, and relevant authorities, the Motion to Join (DE 10) is **DENIED**.

Next, in his Motion for Counsel, Petitioner requests the appointment of counsel pursuant to 18 U.S.C. § 3006A because she is being unlawfully detained by immigration officials. (DE 9 at 5). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969). The Eleventh Circuit has made clear that the appointment of counsel under § 3006A for an indigent federal habeas petitioner is required "only when the interests of justice or due process so require." *Schultz v. Wainwright,* 701 F.2d 900, 901 (11th Cir.Fla.1983). Petitioner has not demonstrated that appointment of counsel is necessary under the standard provided in 18 U.S.C. § 3006(a)(2)(B). Moreover, I find that the interests of justice will not be served by the appointment of counsel. The appointment of counsel at this juncture to assist Petitioner with this federal habeas corpus action is not required, nor is it at this time appropriate.

Accordingly, the Motion for Counsel (DE 9) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 14th day of March, 2025.

                                            Donald M. Middlebrooks
                                            United States District Judge

**Copies furnished to:**

**Huriyat Mamajonova,** *Pro Se*
Alien No. A-240388751
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**Brett Geiger, AUSA**
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Brett.Geiger@usdoj.gov