UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 25-60242-CV-MIDDLEBROOKS

HURIYAT MAMAJONOVA,

    Petitioner,

v.

GARRET RIPS, MIAMI FIELD OFFICE
DIRECTOR, *et al.*,

    Respondents.

_____/

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS - 28 U.S.C. § 2241**

**THIS CAUSE** is before the Court on Petitioner Huriyat Mamajonova's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus ("Petition") brought pursuant to 28 U.S.C. § 2241 and docketed by the Clerk on February 7, 2025. (DE 1). Therein, Petitioner raises numerous constitutional challenges to her arrest by immigration officials, and requests that the Court enter an Order directing her immediate release from custody. (*Id.* at 8). Before review of the merits of the claims raised in the Petition, Petitioner filed two motions for summary judgment. (DE 16; DE 18). On April 21, 2025, Respondent filed a combined response to the two motions. (DE 21). Current review of the U.S. Immigration and Customs Enforcement, Online Detainee Locator System, reveals they do not have any current detainee in custody with Petitioner's name or alien number. On April 24, 2025, I entered an Order directing Respondent to file a supplemental response advising the Court whether Petitioner remains in immigration custody. On April 25, 2025, Respondent filed a supplemental response (DE 23) with supporting exhibits arguing that the Petition is now moot because Petitioner has voluntarily departed the United States and is no longer in immigration custody. (*Id.* at 2). In support, Respondent has attached a copy of the ICE Departure and Verification of Departure form confirming that Petitioner departed the United States

on April 22, 2025. (DE 23-2, Ex. B). As a result, Respondent seeks dismissal of the Petition. (DE 23 at 3). After review of the Petition (DE 1), the Defendant's Response (DE 11) and Supplemental Response (DE 23), the pertinent portions of the record, and relevant authorities, for the reasons discussed below, this case is **DISMISSED.**

## I.  DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citations omitted) (dismissing as moot an appeal filed by an alien seeking habeas corpus relief from his continued detention after removal was executed while appeal was pending). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id.* "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* In *Soliman,* the Eleventh Circuit Court of Appeals found that it was "abundantly clear" that the appeal was moot because the relief sought--release from detention pending removal, in addition to other relief--could not be affected by any order from the Court since Soliman was no longer being detained. *Id.* at 1243; *see also McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("a prisoner's transfer or release from jail moots his individual claim for declaratory or injunctive relief" regarding conditions of confinement" (citation omitted).

Respondent argues that this federal habeas corpus is now moot because Petitioner was removed from the United States on April 22, 2025. (DE 23 at 2-3.) Thus, there remains no case or controversy, and the Petition should be dismissed as moot. (*Id.*) Review of the exhibits provided by Respondent confirms that Petitioner has, in fact been removed from the United States so that there is no longer a case or controversy.

## II.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition (DE 1) is **DISMISSED** as moot;

2. All pending motions are **DENIED as moot;** and

3. The Clerk is directed to **CLOSE THIS CASE**.

**SIGNED** at West Palm Beach, Florida this 25th day of April, 2025.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Huriyat Mamajonova,** *Pro Se*
Alien No. A-240388751
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073
(address of record)

**Brett Geiger, AUSA**
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Brett.Geiger@usdoj.gov